IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALAN MCLVENNY-ROBINSON,

**Petitioner,**

v.

VETERAN'S FIDUCIARY JOEL NAZARIO, PEOPLE OF PUERTO RICO,

**Respondent.**

CIVIL NO. 22-1084 (RAM)

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

### I. BACKGROUND

Pending before the Court is Mr. Juan Galguera's ("Mr. Galguera") *Motion to Quash* ("*Motion*"). (Docket No. 11). Mr. Galguera is a Case Manager with the United States Department of Veterans Affairs ("VA") based in Guaynabo, Puerto Rico. Id. at 1.

In January 2022, Petitioner Alan Mclvenny-Robinson ("Petitioner") filed a petition against his VA-appointed fiduciary, Mr. Joel Nazario ("Respondent") in the First Instance Court of the Commonwealth of Puerto Rico, Municipal Court of Bayamón. (Docket Nos. 1, 11). Some of the allegations therein relate to the control of and access to Petitioner's VA benefits. Id. As part of that case, the Bayamón Municipal Court issued a subpoena seeking the testimony of Mr. Galguera at a hearing before the court scheduled for February 4, 2022. Id. at 2. However, on

February 3, 2022, the VA Office of General Counsel ("OGC") filed a motion with the state court advising that Mr. Galguera would not be testifying the following day pursuant to the OGC's authority to deny such requests. Id.; *see* 38 C.F.R. §§ 14.800 *et seq*. In response, Mr. Galguera was served with another subpoena rescheduling the hearing for February 24, 2022. (Docket No. 11 at 2).

On February 17, 2022, the VA removed the proceedings concerning the subpoena to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and (d). (Docket No. 1). The VA asks this Court to quash the second subpoena because Petitioner did not comply with the applicable VA regulations governing subpoena requests. (Docket No. 11). Neither Petitioner nor Respondent responded in this federal action. For the following reasons, the VA's *Motion* is **GRANTED** and this action is dismissed.

## II.  DISCUSSION

Pursuant to 5 U.S.C. § 301, the head of every executive branch department "may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. Accordingly, the VA has enacted a series of Touhy[1] regulations that

---

[1] *See* United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

dictate the circumstances under which VA personnel may give testimony pursuant to a third-party subpoena. *See* 38 C.F.R. §§ 14.800 *et seq*. The party seeking the testimony must first provide the VA with a written request. Id. § 14.805. Then, "the General Counsel, the Regional Counsel, an attorney in the [OGC] designated by the General Counsel, or an attorney in the Regional Counsel office designated by the Regional Counsel" must authorize the VA personnel to provide the requested testimony or records. Id. § 14.807. The regulations provide a host of factors that the VA official should consider in making this determination. Id. § 14.804. Importantly, the regulations explicitly state that "VA personnel **shall not,** in response to a request or demand for testimony or production of records in legal proceedings, **comment or testify or produce records without the prior written approval of the responsible VA official designated in § 14.807(b)**." Id. § 14.806 (emphasis added).

The Eastern District of New York's analysis in Johnson v. ThyssenKrupp Elevator Corp. is instructive. *See* Johnson v. ThyssenKrupp Elevator Corp., 2019 WL 4933633 (E.D.N.Y. 2019). There, a plaintiff in a state case similarly subpoenaed a VA employee. Id. at *1. The VA did not authorize the employee to testify and removed the proceedings concerning the subpoena to federal court. Id. The Johnson court quashed the subpoena because the defendant had not complied with the VA's Touhy regulations.

Id. at *2. In doing so, the court explained that "[a] party seeking the testimony of an agency employee must comply with the agency's Touhy regulations" and "[i]n the absence of the agency's authorization, a state court does not have the power to compel agency personnel to testify." Id. (citations omitted). It therefore held that it lacked subject matter jurisdiction because "a federal court on removal cannot enforce a subpoena when the state court lacked jurisdiction to do so." Id. (citing Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989)). The Clerk of the Court was then instructed to close the case. Id.

The same analysis applies here. Petitioner has not followed the VA's Touhy regulations, as he has not sent a written "summary of the nature and relevance of the testimony or records sought in the legal proceedings containing sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify[.]" 38 C.F.R. § 14.805. As explained in the *Motion*, without such written justification, the VA cannot properly determine whether it will produce its employee to testify. (Docket No. 11 at 2, 5).[2] Thus, because Petitioner has not complied with the aforementioned regulations, neither the Bayamón Municipal Court nor this Court on removal has jurisdiction to enforce the

---

[2] However, the Court notes that 38 C.F.R. § 14.805 allows the responsible VA official to ask the requester to provide additional information if necessary. Should the VA file a similar motion to quash in the future, it should ensure it has attempted to collect all necessary information before seeking judicial intervention.

subpoena and dismissal of the case is proper.

### III. CONCLUSION

For the foregoing reasons, Mr. Galguera's *Motion to Quash* at Docket No. 11 is **GRANTED** and the judgment of dismissal shall be entered accordingly. This case is now closed for statistical purposes.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of March 2022.

                                        S/RAÚL M. ARIAS-MARXUACH
                                        UNITED STATES DISTRICT JUDGE